# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL NO. 5:10CV68-RLV-DSC

| | |
|---|---|
| **CHARLES E. HLATKY,** ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social** ) | |
| **Security Administration,** ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #12) and "Memorandum ... in Support ..." (document #12-1), both filed September 1, 2010; and the Defendant's "Motion for Summary Judgment" (document #13) and "Memorandum in Support ... " (document #14), both filed November 4, 2010. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be <u>denied</u>; that Defendant's Motion for Summary Judgment be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

## I. PROCEDURAL HISTORY

On August 1, 2007, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB"), alleging that he had become disabled as of July 1, 2004. Plaintiff's application was denied initially and on reconsideration, and a hearing was held on May 22, 2009.

On October 19, 2009, the ALJ issued a decision denying Plaintiff benefits. (Tr. 10-20). In his decision, the ALJ found that Plaintiff had not engaged in substantial gainful activity except for the period from January through July 2007 when he returned to his past relevant work as a welder (Tr. 15). The ALJ then found that Plaintiff suffered from the severe impairment of diverticular disease with colostomy, but his impairment or combination of impairments did not meet or medically equal any of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (Tr. 16-17). The ALJ went on to find that Plaintiff retained the Residual Functional Capacity ("RFC")[1] to perform a full range of sedentary work (Tr. 17).[2] The ALJ determined that Plaintiff could perform his past relevant work as a welder as he actually performed it (Tr. 19). Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act (Tr. 19-20).

By notice dated March 30, 2010, the Appeals Council denied Plaintiff's request for further administrative review.

Plaintiff filed the present action on May 27, 2010. Relevant to disposition of this appeal, Plaintiff assigns error to the ALJ's determination that he could perform his past relevant work. See Plaintiff's "Memorandum ... in Support ..." at 8-12 (document #12-1).[3] The parties' cross Motions are ripe for disposition.

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] residual functional capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[2] Sedentary work involves lifting no more than 10 pounds at a time and occasional lifting or carrying articles like docket files, ledgers, and small tools. 20 C.F.R.§ 404.1567(a). Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Id. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. Id.

[3] The Court notes that Plaintiff also assigns error to the ALJ's determination of his RFC. Because the ALJ's initial finding concerning Plaintiff's ability to return to his past relevant work is supported by substantial evidence, the Court does not reach this issue.

## II. **STANDARD OF REVIEW**

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483

3

F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION OF CLAIM

The question before the ALJ was whether at any time the Plaintiff became "disabled," as that term of art is defined for Social Security purposes.[4] Plaintiff argues that the ALJ erred in finding that he could and did return to his past relevant work as a welder in 2007. Plaintiff has the burden of proving that he was unable to perform his past relevant work, Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992), and the necessary consequence of this burden is that he must also show that certain work experience was not past relevant work. Barnes v. Sullivan, 932 F.2d 1356, 1359 (11th Cir. 1991). This includes proving that certain work experience was not past relevant work because it was actually an unsuccessful work attempt. See Seitz v. Astrue, No. 3:08-CV-355-HEH, 2009 WL 2392159, at *2 (E. D. Va. Aug. 4, 2009) (discussing burden of proof); 20 C.F.R. § 404.1574(a)(1) (Work is considered an unsuccessful work attempt, rather than past relevant work, if it is "work that [the claimant is] forced to stop ... after a short time because of [his] impairment"). Plaintiff also has the burden of producing evidence as to the demands of his past relevant work. 20 C.F.R. § 404.1512(c)(3). Plaintiff has failed to carry his burden of proof.

Plaintiff first argues that his work in 2007 as a welder was an unsuccessful work attempt because it lasted between three and six months, and that the ALJ erred in finding that he worked for

---

[4]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

4

more than six months. See 20 C.F.R. § 404.1574(c)(4) (in relevant part, work lasting between three and six months will be considered an unsuccessful work attempt if the work ended because of the claimant's impairment, and the claimant was frequently absent from work because of the impairment); 20 C.F.R. § 404.1574(c)(5) (work lasting longer than 6 months is not an unsuccessful work attempt). In making this argument, Plaintiff points to a written statement he made indicating that he worked for only three months in 2007 (Tr. 140). He also posits that his earnings for 2007 were $12,800 (Tr. 116) and that this would equate to at most 20 weeks of work – or 5 months – assuming a 40-hour work week at Plaintiff's stated pay rate of $16 per hour (Tr. 30, 140).

As Plaintiff acknowledges, however, he testified that he worked between five and seven months as a welder in 2007 (Tr. 30). Further, he indicated both in his prior statement to the Agency and in his testimony that he did not work a 40-hour week the entire time he was working in 2007 (Tr. 29-30, 140), a point Plaintiff acknowledges in his brief. See Document #21-1 at 2. Indeed, his hours changed weekly, and, at one point, he was only working three and one-half days per week for approximately 30 hours per week (Tr. 29-30, 140). Thus, his earnings record does not serve to prove that he worked only between three and six months in 2007. Contrary to Plaintiff's assertion, it was not incumbent upon the ALJ to obtain more detailed earnings information, since it was Plaintiff's burden to establish that his work as a welder in 2007 did not qualify as past relevant work. Plaintiff failed to carry his burden of showing that his work as a welder during 2007 qualified as an unsuccessful work attempt lasting between three and six months. Therefore his claim that it did not constitute past relevant work fails.

Moreover, even if Plaintiff's work as a welder in 2007 had lasted only three to six months, his claim that such work was an unsuccessful work attempt would still fail. He has not proven that the work ended because of his impairment, <u>and</u> that he was frequently absent from work because

of his impairment. See 20 C.F.R. § 404.1574(c)(4); Seitz, 2009 WL 2392159, at *2.

Plaintiff testified that he missed work frequently because he was searching for a surgeon to perform a colostomy reversal (Tr. 40, 194, 354). However, it is not clear that missing work to go to appointments looking for a surgeon – in contrast to missing work because of pain or other symptoms – qualifies as being frequently absent from work because of an impairment. Assuming arguendo that missing work for medical appointments would qualify as being frequently absent from work because of his impairment, Plaintiff has still failed to prove the additional requirement that his work actually ended because of his impairment. As the ALJ found (Tr. 15), Plaintiff testified that he was fired after his employer discovered he had the colostomy and had kept this fact and the reason he was missing work hidden (Tr. 40). A fair inference from this testimony is that Plaintiff was fired for not being forthright with his employer. To the extent that his employer's action could have been based on improper considerations regarding individuals with colostomies, that would not be relevant under the Social Security Act. 42 U.S.C. § 423(d)(2)(A) (an individual will be deemed disabled "only if his physical or mental ... impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether ... he would be hired if he applied for work") (emphasis added). Further, although it is not entirely clear what he meant, Plaintiff also indicated in his report to the Agency and in his testimony that he stopped working because of "child support" (Tr. 40, 140).[5] Since Plaintiff failed to prove that his work as a welder during 2007 ended because of his impairment, his claim that such work qualified as an unsuccessful work attempt fails.

---

[5] Plaintiff testified that he paid child support for his son (Tr. 35).

Plaintiff has also failed to prove that his past relevant work as a welder was more than sedentary as performed (P. Br. at 11-12).  See 20 C.F.R. § 404.1512(c)(3); 20 C.F.R. § 404.1560(b)(2) (A claimant will be found capable of performing his past relevant work when he can perform the job as generally performed in the national economy or as he actually performed it). Plaintiff testified that he did not lift anything , or at least not anything of any significant weight (Tr. 33).  He further testified that his work was stationary, that an over-head crane was used, that everything was very "high-tech," and that machinery did all the lifting and carrying (Tr. 33). Plaintiff did testify that he performed the job "sitting and standing," but did not specify how much sitting and standing was required (Tr. 33).  The fact that the job required some standing would not take it out of the realm of sedentary work, as some walking and/or standing is contemplated in that classification.  See 20 C.F.R.§ 404.1567(a).  Plaintiff's testimony fails to establish that standing in amounts greater than contemplated by sedentary work was required.  Accordingly, Plaintiff has failed to carry his burden of proving that he was unable to perform his past relevant work as a welder.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala,  29 F.3d 918, 923 (4th Cir. 1994)(citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)).  This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of Plaintiff's work history and his ultimate determination that Plaintiff was not disabled.

## IV.  RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that

Plaintiff's "Motion for Summary Judgment" (document #12) be **DENIED**; that Defendant's "Motion for Summary Judgment" (document #13) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED**.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Richard L. Voorhees.

Signed: November 9, 2010

**SO RECOMMENDED AND ORDERED.**

_____
David S. Cayer
United States Magistrate Judge